UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ARTHUR D'AMARIO, III,

Plaintiff,

v.

ANDREW OLNES, M.D.,
RUTH WESTRICK, M.D.,
STEVEN NORTON, Ph.D.,
AMY HAMILTON, Ph.D. and
various John Does/Jane Roes,

Defendants.

---

Civil No. 00-2217(ADM/AJB)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's Amended "Application To Proceed Without Prepayment of Fees" (Docket No. 6), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff, a federal prisoner, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. He did not pay the normal filing fee required by 28 U.S.C. § 1914, but instead filed an application for IFP status. (Docket No. 2.) The Court noted, however, that (i) Plaintiff's IFP application was incomplete because it did not include the certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff had not paid the initial partial filing

FILED NOV 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1). Both of Plaintiff's omissions were called to his attention by this Court's order of October 2, 2000. (Docket No. 4.) That order gave Plaintiff thirty (30) days to cure the two defects in his original request for IFP status by submitting both (a) a new IFP application that included the requisite certified trust account information, and (b) the initial partial filing fee prescribed by § 1915(b)(1). That order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements within the time allowed.[1]

The deadline for satisfying the requirements of the Court's prior order has now expired. On October 17, 2000, Plaintiff filed the Amended IFP Application that is now before the Court, (Docket No. 6), and that application does include the trust account information required by 28 U.S.C. § 1915(a)(2). To date, however, Plaintiff has not satisfied the second requirement of the Court's prior order. He has not tendered the initial partial filing fee prescribed by § 1915(b)(1), nor has he offered any explanation for his failure to pay the fee as required both by statute, and by this Court's prior order.[2]

---

[1] The final sentence of the Court's prior order reads as follows: "In the event that Plaintiff fails to submit both the new IFP application and his initial partial filing fee within thirty days after the date of this order, it will be recommended that the action be dismissed without prejudice." (Order dated October 2, 2000, [Docket No. 4], [emphasis in the original order].)

[2] According to the trust account information appearing on Plaintiff's Amended IFP application, the amount of the average monthly deposits to his prison trust account during the past six months was $130.00, while the average monthly balance during the same period was $50.00. The initial partial filing fee required by § 1915(b)(1) is twenty percent (20%) of the greater of those two amounts. Therefore, the initial partial filing fee that Plaintiff should have paid in this case was $26.00, ($130.00 x 20% = $26.00.)

Thus, Plaintiff has failed to comply with the two requirements set forth in the Court's prior order within the time allowed. Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with both of those requirements, it is now recommended that Plaintiff be deemed to have abandoned this action and that the action be dismissed. Fed.R.Civ.P. 41(b) (actions may be dismissed for failure to comply with court orders). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

It is further recommended that this action be dismissed without prejudice. However, if Plaintiff attempts to pursue his claims in the future, (by filing an entirely new lawsuit), he will have to either pay the full filing fee prescribed by 28 U.S.C. § 1914, or comply with all of the requirements governing prisoner IFP applications, as set forth in 28 U.S.C. § 1915.

Finally, given the Court's determination that this action should be dismissed, it is recommended that Plaintiff's "Motion For A Temporary Restraining Order," (Docket No. 3), be summarily denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Amended Application to Proceed Without Prepayment of Fees, (Docket No. 6), be **DENIED**;

2. Plaintiff's "Motion For A Temporary Restraining Order," (Docket No. 3), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: November 7th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.